**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5166**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

RAFAEL OMAR VILLEGAS-MARTINEZ, a/k/a Lunar,

              Defendant - Appellant.

———————

**No. 12-4012**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

MARIO MOLINA-VALLADAREZ, a/k/a Tiger,

              Defendant - Appellant.

———————

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:09-cr-00471-RWT-3; 8:09-cr-00471-RWT-1)

———————

Submitted: November 6, 2012     Decided: November 14, 2012

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————————

Marc G. Hall, HALL & CHO, PC, Rockville, Maryland; Elita C. Amato, LAW OFFICE OF ELITA C. AMATO, Arlington, Virginia, for Appellants. William Moomau, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rafael Omar Villegas-Martinez ("Martinez") and Mario Molina-Valladarez ("Valladarez") pled guilty, pursuant to plea agreements, to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2006). Martinez was sentenced to 276 months' imprisonment, and Valladarez was sentenced to 293 months' imprisonment. On appeal, counsel have filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning whether the district court properly considered and applied the 18 U.S.C. § 3553(a) (2006) factors. The Government has filed a motion to dismiss this appeal in part on the ground that Appellants knowingly and intelligently waived their right to appeal their convictions and sentences. For the reasons that follow, we dismiss in part and affirm in part.

In their plea agreements, Appellants waived their right to appeal their convictions and sentences, except to the extent that their sentences exceeded the Guidelines range based upon an offense level of thirty-seven. A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R.

3

Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). A review of the record reveals that the court determined Appellants were competent to plead guilty, had the opportunity to discuss their plea agreements with counsel, entered their guilty pleas in the absence of threats or force, and understood the terms of their appeal waivers regarding their sentences. Thus, we conclude that Appellants validly waived their right to appeal their sentences and that the claims raised on appeal fall within the scope of their waivers. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (providing standard). Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal of Appellants' sentences.

The record reveals, however, that the court did not ensure Appellants understood the terms of their appeal waivers regarding their convictions. Thus, we deny in part the Government's motion to dismiss the appeal of Appellants' convictions. Nevertheless, in accordance with Anders, we have reviewed the record in this case and have found no unwaived and potentially meritorious issues for appeal. We therefore affirm Appellants' convictions.

This court requires that counsel inform Appellants, in writing, of their right to petition the Supreme Court of the

4

United States for further review. If Appellants request that a petition be filed, but counsel believe that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Appellants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>